IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

TABATHA LEWTHWAITE,                    *

    Plaintiff,                         *

vs.                                    *

GEORGIA DEPARTMENT OF HUMAN            *       CASE NO. 4:26-CV-812 (CDL)
SERVICES, JAZMINE TILLMAN and
CANDICE BROCE,                         *

    Defendants.                        *

_____

O R D E R

Tabatha Lewthwaite alleges that Jazmine Tillman, a caseworker with Georgia's Division of Family & Children Services, unlawfully removed her children from her custody. Lewthwaite brought claims under 42 U.S.C. § 1983 and Georgia law against Tillman, the Georgia Department of Human Services, and DHS Commissioner Candice Broce. Defendants filed a motion for judgment on the pleadings in part because Lewthwaite's operative complaint is an impermissible shotgun pleading. As discussed below, the motion (ECF No. 5) is granted to the extent that the Court strikes Lewthwaite's operative complaint (ECF No. 1 at 28-33) as an impermissible shotgun pleading but grants Lewthwaite one chance to remedy the deficiencies.

DISCUSSION

The rules for pleading a claim in federal court are not complicated, and they apply to pro se plaintiffs like Lewthwaite.

Federal Rule of Civil Procedure 8(a) states that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Furthermore, if it "would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

The point of these rules is to require a "pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [she] is claiming and frame a responsive pleading."  *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).  The rules also exist so that the Court can determine "which facts support which claims" and "whether the plaintiff has stated any claims upon which relief can be granted."  *Id.* (quoting *Weiland*, 792 F.3d at 1320).

The Court may strike a complaint as a shotgun pleading if it violates Rule 8(a)(2) or Rule 10(b).  *Id.*  There are several types of shotgun pleadings, including a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" and a complaint asserting "multiple claims against

2

multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1325 (quoting *Weiland*, 792 F.3d at 1322-23).

Here, Lewthwaite's operative complaint is a shotgun pleading because each count adopts all the preceding allegations and often fails to identify which Defendant she claims engaged in the alleged conduct.  Therefore, it is difficult to tell what specific events give rise to Lewthwaite's claims against each Defendant.  The Court thus grants Defendants' motion for judgment on the pleadings (ECF No. 5) to the extent that it strikes the operative complaint (ECF No. 1-1 at 28-32) as an impermissible shotgun pleading.

The Court recognizes that if it strikes a complaint as an impermissible shotgun pleading, the Court should give the plaintiff one opportunity to file an amended complaint that complies with the rules. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).  Accordingly, the Court grants Lewthwaite <u>one chance</u> to file an amended complaint that complies with the rules.  The amended complaint is due by August 20, 2026. The amended complaint shall include (1) a recitation of the facts that includes what happened, when it happened, where it happened, and who did what, (2) what claims are asserted against each defendant, (3) which factual allegations form the basis of each claim against each defendant, and (4) the legal theory upon which

Lewthwaite asserts liability against each defendant.   If Lewthwaite files an amended complaint that does not comply with this order and the Federal Rules of Civil Procedure, the Court will dismiss this action.  All other pending motions are terminated as moot.

IT IS SO ORDERED, this 24th day of July, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA